THE PEOPLE of the STATE OF CALIFORNIA, on the relation of AMBROSE GORHAM, Appellants, *v.* ALEX-ANDER CAMPBELL and JOHN E. ADDISON, Respondents.

The power to elect includes the power to fill vacancies.

Where the justices of the peace fail to elect associate justices of the Court of Sessions on the first Monday in October, the county judge may appoint associates for the then term; but the justices may convene at any subsequent time and elect associates.

The presence of the county judge and clerk, at the convention, is not essential; and if they refuse to attend, the election by the justices will nevertheless be valid.

The county judge has no right to declare the convention of justices adjourned.

The neglect of an officer to perform a mere ministerial act will not defeat an election where there was actual notice, and no fraud or surprise.

APPEAL from the Fourth Judicial District.

The relator filed his petition and affidavit in the District Court, praying an alternative mandate to the respondents, (the former being county judge, and the latter county clerk of the county of San Francisco,) requiring them to grant to the relator the certificate of his election as one of the associate justices of the Court of Sessions, pursuant to the 64th section of the act concerning courts of justice.   The Court awarded the writ; which recited the petition, and directed the respondents to give the certificate, or show cause, &c.   The respondents returned for answer, that the matters in the petition and affidavit were insufficient to warrant them in giving the certificate prayed for.   The Court decided for the respondents; and gave judgment against the relator for costs, from which this appeal was brought.   The facts sufficiently appear in the opinion of the Court.   The county judge, after the failure of the justices to elect in October, had, at each term of the Court of Sessions, appointed two associates.

*Chetwood, Edwards* and *Rose,* for the relator.

Justice MURRAY delivered the opinion of the Court.   This was an application to the Court below for a *mandamus,* to compel

Alexander Campbell, Judge, and John E. Addison, clerk of the county of San Francisco, to certify the election of the relator as associate justice of the Court of Sessions.

The 64th section of the "Act concerning courts of justice," reads as follows: "The associate justices of the Court of Sessions shall be chosen by the justices of the peace of the county. The county judge shall convene at the county seat on the first Monday of October, in the year one thousand eight hundred and fifty-one, and on the first Monday of October in every year thereafter, the persons elected as justices of the peace of the county at the last preceding election; and they, after being qualified, and filing their respective bonds, as such justices, as required by law, shall elect by ballot two of their number as associate justices of the Court of Sessions. The county judge shall preside over the convention, and the county clerk shall be its clerk. A majority of the persons who have qualified as justices of the peace of the county, shall form a *quorum* for the purpose of the election. A minute of the proceedings of the convention shall be entered in the record of the Court of Sessions. A certificate of election shall be given by the county judge and clerk, under the seal of the Court of Sessions, to the persons who receive a majority of all the votes cast."

The record shows that the justices met in convention on the first Monday of October, in pursuance of notice from the county judge; but were unable to make an election. Afterwards, three of them withdrew, or absented themselves from the convention, whereupon there being no *quorum*, the county judge declared the convention adjourned *sine die*, against the protest of the remaining justices; and appointed two of the justices associate justices for the then term of the Court. On the 6th of January, four' of the justices served notice on the county judge and the two other justices, that they would meet on the following day, at a certain hour and place, to elect associate justices of the Court of Sessions. The county judge and clerk refused to be present at this meeting. The four justices, in the absence of the judge and clerk, proceeded to appoint a clerk and chairman, and ballot for associate justices; which resulted in the election of the relator.

It is contended that the convention must meet and elect on the

first Monday of October; that the withdrawal of three justices dissolved the convention; and that the law has not given the justices any authority to elect, otherwise than in the mode and at the time provided. The county judge and clerk are *ex officio* officers of this convention; but the law having invested them with no other authority than that of presiding over and recording its proceedings, the dissolution of the convention by the county judge, was illegal. In this respect, he occupies the same position as the president of the Senate, who has no right to declare that body adjourned, unless by express authority of law. The statute provides that the justices shall meet on the first Monday in October; but it is no where provided that the election shall be determined on that day; and such an election can bear no analogy to a general or municipal election, required by law to be held on a certain day, and to be opened and closed between particular hours. It cannot be inferred from the Act, that a failure to elect on a particular day, which might result from a thousand casualties, could deprive the justices of their right, and throw the appointing power into the hands of the county judge. It was held by this Court, in the case of Coperly v. Fitch, that the power to elect, included the lesser and necessary power to fill vacancies, unless expressly otherwise provided by law. The failure of the convention to elect, left a vacancy in these offices for the time being. The county judge had power, under the 65th section of the Act above quoted, to fill these vacancies for a term of court: but whenever a majority of the justices of the county, *who alone had the power to elect*, chose to act upon the subject, they had the right to do so. The time is immaterial, not having been expressly fixed by law; and the notice, calling the convention by the county judge, is merely directory. The failure of an officer to perform a mere ministerial act, cannot defeat the election, if the parties had actual notice, and there was no fraud or surprise. The presence or absence of the judge or clerk at the convention, was not essential to the matters to be then performed, and could not prejudice the action of the justices. A different construction would take the appointing power from the authority to which it legitimately belongs, in every instance where the convention failed to elect on the first Monday of October, or the judge was absent from accident or design,

and confer it upon the county judge, who has no power to fill vacancies in these offices, except for a particular term of court; thus giving indirectly, by a series of appointments from term to term, a power never intended or conferred by the legislature.

Judgment of the Court below reversed, with costs; and directions to award a peremptory *mandamus*.