## PEOPLE *ex rel.* JACOBS *v.* MURRAY.

AN ordinance was passed by the Board of Supervisors of the city and county of Sacramento, June, 1858, relative to the cemetery, in which it was provided, that the Board should appoint a person to superintend the cemetery, "annually, in October, who shall hold office for the term of one year;" and further, that the Board, at their first meeting after the passage of the ordinance, should appoint a superintendent to hold office "until October next, and until his successor is appointed and qualified." Defendant was so appointed July 8th, 1858, and held the office until December, 1859, the Board having failed to appoint his successor before that time, when relator was appointed. *Held*, that relator is entitled to the office; that the failure to appoint in October, 1858 and 1859, did not exhaust the power of the electoral body—the time named being directory, and not of the essence of the power.

The rule is, that when time is prescribed to a public body in the exercise of a function in which the public is concerned, the period designated is not of the essence of the authority, but is a mere directory provision.

APPEAL from the Sixth District.

The essential facts appear in the opinion.

Jacobs *v.* Murray.

*George R. Moore,* for Appellant, argued—1st. That the Board of Supervisors had no power to elect a superintendent of the cemetery, except in October of each year, in pursuance of the ordinance of June, 1858, unless they first create a vacancy in the office by removal of the incumbent, citing *Doane* v. *Scannell,* 7 Cal. 395 ; *People ex rel. Vesey* v. *Church,* 6 Id. 76 ; and 2d. That the election of relator did not *ipso facto* operate as a removal of the defendant, citing *People ex rel. Whiting* v. *Canaque,* 2 Hill, 103 ; 25 Mass. (1 Cush.) 550 ; *Justices of Jefferson county* v. *Clark,* 1 Monroe, 82.

*J. W. Coffroth,* for Respondent, argued—1st. That the terms of the ordinance, requiring an election in October of each year, are directory, citing *Gorham* v. *Campbell,* 2 Cal. 135 ; 6 Conn. 437, 438 ; 9 Johns. 147 ; 8 Vt. 280, 299 ; 6 Wend. 486 ; 12 Id. 481 ; Douglass, 140 ; Kent's Com. 339, 340 ; and 2d. That the term of the defendant expired in October, 1858, after which time, he was a mere *locum tenens ;* and that the office *de jure* being vacant, an election was properly had ; citing *Langdon* v. *Reid,* 6 Cal. 280 ; *Aylett* v. *Langdon,* 8 Id. 11 ; *People* v. *Brenham,* 3 Id. 477 ; 1 Id. 519.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This is a claim by the relator to the office of superintendent of the city cemetery of the city and county of Sacramento. The facts arise on the complaint, and the question of their sufficiency was raised by demurrer, which was overruled below, and judgment rendered for plaintiff—from which defendant now appeals.

On the eighth of January, 1858, the defendant was appointed to this office by the Board of Supervisors, under an ordinance of that Board, passed on the twenty-third of June, 1858. The second section of the ordinance is as follows : " The Board of Supervisors shall appoint a suitable and competent person to superintend said cemetery, under direction of the cemetery committee, annually, in the month of October, who shall hold office for the term of one year, unless removed by a two-third vote. The Board of Supervisors shall appoint a superintendent at their first meeting after the passage and approval of this ordinance, who shall hold office until October next, and until his successor is appointed and qualified. No sexton or undertaker shall be appointed to this office, unless he surrender to the city all records or

accounts of interments in his possession or under his control, or a sworn copy thereof, which shall be done before his official bond be approved.

"The Superintendent shall execute a bond approved by the Board of Supervisors, with two or more sureties, in the penal sum of $3,000, conditioned for the faithful performance of the duties imposed, or which may be imposed upon him by law or ordinance."

The incumbent held over after October, and until December, 1859, there having been no election or appointment by the Board until that time, when the Board of Supervisors proceeded to elect the respondent. The mere failure to elect in October did not exhaust the power of the electoral body. The time mentioned is not of the essence of the power; it is a mere directory provision, which ought to have been followed according to the law; but the omission to pursue which, is not fatal; for the rule is general that, when time is prescribed to a public body in the exercise of a function in which the public is concerned, the period designated is not of the essence of the authority, but is a mere directory provision. (See 2 Cal. 135.)

After the lapse of the period prescribed for the election—in October, 1858—Murray was a mere *locum tenens*, authorized to hold only until a successor was legally appointed; the election in December was a legal act, whereby the office could be filled; and the selection of the appointee, and his qualification, put an end to the right of the former incumbent to hold, and invested the relator with the title to the office.

Many technical points are taken by the appellant; but there is nothing in them which requires a detailed refutation.

Judgment affirmed.