## JOHN TUOHY *v.* J. F. CHASE.

Change of Boundaries of Supervisor Districts.—The clause in the Act creating Boards of Supervisors in this State providing that the said Boards "shall have authority at their last session before the general election in each year to change the boundaries of the (Supervisor) districts in their said respective counties," is merely directory, and does not prohibit such change at any other session.

Time prescribed in a Public Act.—Where time is prescribed to a public body in the exercise of a function in which the public is concerned, the time designated is merely directory, unless there are negative words restraining the exercise of the power to that time.

Appeal from the County Court, San Joaquin County.

In 1857, the County of San Joaquin was divided by the County Board of Supervisors into three Supervisor Districts, under the Act of March 31st, 1857.. (Wood's Dig., p. 697.) These Districts were named respectively One, Two, and Three. In 1862, John Tuohy was elected Supervisor for District Number Two, which then contained the three Townships of Tulare, Dent, and Castoria. His term of office expired in the fall of 1865. The regular meetings of the Board, as fixed by law, were on the first Monday of May, August, November, and February of each year. On the 26th day of August, 1864, the Board of Supervisors made an order changing the number of District Number Two to District Number Three, and annexing to it another township called O'Neal. The general election in this State in 1864 was held on the Tuesday next after the first Monday of November. At the general election held in 1865, John Tuohy and J. F. Chase were voted for for Supervisor. In the three Townships of Tulare, Dent, and Castoria, which constituted the district before the order of 1864, Tuohy received two hundred and twelve votes, and Chase received two hundred and seven votes. In the Township of O'Neal, added to the district in 1864, Tuohy received one hundred and seventy-one votes, and Chase received two hundred and fifty-nine votes. If the Township of O'Neal constituted a part of the district, Chase was elected; but if not, Tuohy was elected. The Board of Canvassers counted the votes cast in O'Neal Township, and determined that Chase had received four hundred and sixty-six votes, and Tuohy three hundred and eighty-three votes. Tuohy contested the election. The County Court gave judgment in favor of Chase, and Tuohy appealed.

*J. B. Hall*, for Appellant, argued that the power of the Board of Supervisors to enlarge the boundaries of a Supervisor District existed at no other time than at the last session before the general election; that the Supervisors could only perform such duties as might be prescribed by law; and that if the Legislature authorized a body politic to effect these divisions,

their act must be strictly within the letter of authorization in every particular as to time and place. He also argued that a Board of Supervisors held the relation of agents, and had a limited statutory jurisdiction, and the facts to give them jurisdiction must appear on the face of their proceedings; and cited *Rosenthal* v. *Mad. R. R. Co.*, 10 Ind. 359 ; 16 Cal. 208 ; *Curran* v. *Shattuck*, 24 Cal. 427 ; *Ruggles* v. *County of Washington*, 3 Miss. 496 ; and *White* v. *Conover*, 5 Blackf. 462.

*M. G. Cobb*, for Respondent, argued that the provision in the statute as to time was merely directory, and that the Board of Supervisors could change the boundaries of a Supervisor District at any time ; and cited *Rex* v. *Loxdate*, 1 Burr, 447 ; *People* v. *Allen*, 6 Wend. 487 ; *People* v. *Murray*, 15 Cal. 223 ; *Rumsey* v. *People*, 19 N. Y. 41 ; *Colt* v. *Eves*, 12 Conn. 243 ; and *Pond* v. *Negus*, 3 Mass. 230.

By the Court, SHAFTER, J. :

It is provided in the second section of the Act " to create a Board of Supervisors in the counties of this State and to define their duties and powers," passed March 20th, 1855, (Acts of 1855, p. 51,) that " the Board of Supervisors in these counties shall have authority at their last session before the general election in each year to change the boundaries of the (Supervisor) districts in their said respective counties." Time, here, is not of the essence of the power conferred. " The (general) rule is that where time is prescribed to a public body in the exercise of a function in which the public is concerned, the period designated is not of the essence of the authority but is a mere directory provision." (*People* v. *Murray*, 15 Cal. 221 ; Smith's Comm. 782.) In this case there is nothing in the nature of the power showing that it might not be exercised as effectually before as at the session named ; and as there are no negative words restraining the exercise of the power to that occasion, the provision must be considered as directory to the Board and not as a limitation put upon its authority. (*People*

v. *Allen*, 6 Wend. 486 ; *People* v. *Peck*, 11 Wend. 604 ; *Merchant* v. *Langworthy*, 6 Hill, 645 ; *Ex parte Heath* v. *Roome*, 3 Hill, 42.)

Judgment affirmed.

SAWYER, J., concurring specially :

The "last session" mentioned in the Act is the last regular session appointed by law. It has no reference to special sessions called by the Board for some specific purpose. And the "session" includes the entire sittings of the Board from the meeting on the first day of the sittings till the final adjournment, "when all the business before them is disposed of." I think, therefore, that the boundaries of the Supervisor Districts were changed by the Board "at their last session before the general election" within the meaning of the statute. On this ground I concur in the judgment, but express no opinion upon the other point.