THE DISTRICT TOWNSHIP OF HESPER *et al.* v. THE INDEPENDENT DISTRICT OF BURR OAK.

School districts: ORGANIZATION OF: TIME OF HOLDING ELECTIONS. At an election held to vote upon the organization of an independent school district, embracing contiguous territory lying in another township, the polls must be kept open from nine o'clock A. M. to four o'clock P. M. It is accordingly *held*, that such an election called for one o'clock P. M. is void. Section 81, chapter 172, Laws of 1862.

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 24.

THIS is an action in chancery to enforce the collection of a certain tax levied by defendant, the school district. A demurrer to the petition was overruled and a decree thereupon rendered, enjoining the collection of the tax in question. The defendant appeals. The facts of the case appear in the opinion.

*E. E. Cooley* for the appellant.

*Willett & Bennett* for the appellees.

BECK, Ch. J. — In January, 1867, the organization of the independent district of Burr Oak, the defendant in this action, was undertaken. It was designed to include, besides a part of Burr Oak township, certain land in Hesper township, of which plaintiff is the school district. An election was ordered by the township trustees of Burr Oak, upon the petition of twelve voters, to be held upon January 25, 1867, at one o'clock in the afternoon, to determine the question of a separate district organization. The notice specified the territory to be covered by the independent district sought to be organized. The vote

was for organization, and thereupon the district proceeded to exercise the powers possessed by such organization. A tax was levied in March, 1867, which the board of supervisors, so far as it was upon land in Hesper township, upon application of the school district of that township, struck out of the tax books. A mandamus proceeding was instituted by the Independent District of Burr Oak against the supervisors, to compel them to certify upon the tax list the tax so stricken out by them. Upon a hearing in this case the petition was dismissed. The taxes upon the land in Hesper township, covered by the Burr Oak Independent district, have been, since that time, including the year 1867, up to the year 1871, collected by the school organization of the first-named township.

The county auditor carried forward upon the tax list the taxes for 1871, levied by the independent school district of Burr Oak upon the lands in Hesper township. A warrant for the collection of this tax is in the hands of the collector, who is joined with the Independent district as defendant. To enjoin the collection of this tax, this action is brought.

The principal question argued by counsel involves the binding effect of the adjudication in the mandamus proceedings, which, it is claimed, as *res adjudicata*, estop defendants from collecting the tax in question. We do not find it necessary to discuss this question as, in our opinion, another one is decisive of the case. We will proceed to its consideration.

The election held in pursuance of the notice of the trustees of Burr Oak township, to determine the question of the organization of the Independent district, in our opinion, was illegal, and the action of the voters and school officers based thereon is void.

Any city, town or sub-district, containing not less than two hundred inhabitants, and certain territory contiguous thereto, at the time of the transaction hereafter stated, might

have been constituted an independent school district. Acts 9th Gen. Ass., ch. 72, § 84; Acts 11th Gen. Ass., ch. 143, § 9. Such an organization was effected in the following manner: Upon a written request of ten legal voters residing in the city, town or sub-district, the township trustees fixed the boundaries of the contemplated Independent district and gave ten days' notice of a meeting of the electors residing in the district, fixing the time and place thereof. At this meeting the electors were required to vote by ballot for or against a separate organization. If a majority of the votes were affirmative, the trustees of the township gave notice of a meeting for an election of the officers provided by law; who continued in office until the next annual meeting.

Section 81, chapter 172, acts ninth general assembly, provides that no district township meeting or sub-district meeting shall organize earlier than 9 o'clock A. M., nor adjourn before 12 M., and in all independent school-districts the polls shall be open from 9 o'clock A. M. to 4 o'clock P. M. Section 85 provides for an election by ballot, in the Independent school district, upon the question of its organization. It was clearly an election contemplated in the other section just cited. It was an election held in the district, and it was by ballot. The polls should have been kept open as provided from 9 o'clock A. M. until 4 P. M. The language of the two sections cannot be misunderstood, and its obvious meaning is in harmony with reason. It cannot be supposed that the legislature would provide for more favorable opportunities for the expression of the will of the people in the ordinary election, than at the important one which determined the very existence of the district.

The township trustees had no power to order an election to be held at a time not authorized by law, and it was therefore illegal. The action of the electors, deciding upon the organization of the district, being unauthorized and void, must be regarded for naught, and the district itself

as having no legal existence. The tax in question cannot, therefore, be collected. The judgment of the district court overruling the demurrer to the petition is upon these grounds affirmed. See *Chadwick* v. *Melvin*, Sup. Ct. Penn. 1871; Brightley's Cases on Election, 251 and notes; *People* v. *Cook*, id. 423 and note, p. 451; S. C., 8 N. Y. 67; *Dickey* v. *Hurlburt*, 5 Cal. 343; *People* v. *Murry*, 15 Cal. 221; *Knows* v. *Yeates*, 31 Cal. 82; *Miller* v. *English*, 1 Zab. 317.

Affirmed.