The District Township of Lincoln v. The Independent District of Germania and Its Officers and The District Township of Ledyard and Its Officers, Appellants.

**School District Election:** VALIDITY: *Observing statutory hours.* Where, at an election of an independent school district, having a population of upwards of 300, for the purpose of voting on the question as to the organization of an independent district, the polls were open from 9 o'clock in the forenoon until 4 o'clock in the afternoon, and every person entitled to vote at said election did vote, save one, who did not desire to, and the electors were in favor of the separate organization, the departure from the requirements of McClain's Code, section 2908, declaring that, in an independent school district having a population of 300 and upwards, the polls shall remain open from 12 o'clock M. to 7 o'clock P. M., did not invalidate the election.

*Appeal from Kossuth District Court.*—Hon. W. B. Quarton, *Judge.*

Tuesday, October 23, 1900.

This is a proceeding by certiorari to review the action of the district township of Ledyard for the establishment of the independent district of Germania. The only question involved is as to the validity of the election held to vote for or against the organization of the independent district. The district court held the election void, and the defendants appeal.—*Reversed.*

*Raymond & Raymond* for appellants.

*Sullivan & McMahon* for appellee.

Given, J.—I. Section 2908 of McClain's Code applies to the election in question. It is as follows: "No

district township or sub-district meeting shall organize earlier than 9 o'clock A. M. nor adjourn before twelve o'clock M., and in all independent districts having a population of three hundred and upwards the polls shall remain open from twelve o'clock M. to seven o'clock P. M." The return of the defendants shows all required action for holding said election on the twenty-seventh day of March, 1897, and further shows as follows: "That on said twenty-seventh day of March, 1897, said election was held at the place specified in said notice; the polls were opened at 9 o'clock in the forenoon and closed at 4 o'clock in the afternoon; that all the electors in said district had full knowledge of said election, and all those who desired to vote at said election had full opportunity therefor; that every person residing in said sections 18 and 19, in Lincoln township, voted at said election, except one, and he would not vote either for or against the organization of said independent district; that all the electors who desired to vote at said election had exercised their franchise long before the closing of said polls, and no one was prevented from voting by reason of the polls being closed at 4 o'clock P. M., and a majority of the electors of said territory were in favor of said separate organization, and voted therefor." The plaintiff contends that the time for holding an election is a matter of substance; that the statute is mandatory, and must be strictly complied with, or the election will be held invalid, even though the result is certain, and would not be changed nor the rights of the voters injuriously affected. The defendants contend that, as the statute does not declare that the performance of the things required shall be essential to the validity of the election, "they will be regarded as mandatory if they affect the result of the election, and directory if they do not."

The statements in the return quoted above are not questioned, and may therefore be taken as correct. The election was held on the day and at the place appointed. Every

elector voted, except one, who declined to vote, and the result was in favor of organization. No fraud is charged, no doubt exists as to the wish of the electors, and no action was had prejudicial to their rights. Mr. McCreary, in his valuable work on Elections, after a full review of the cases, states, in section 165 (4th ed.), the rules as follows: "From all the somewhat conflicting authorities upon the subject, the following may be gathered as the governing rules: (1) If the statute fixing the hours during which the polls shall remain open expressly declares that a failure in this respect shall render the election void, it must be strictly enforced. (2) But, in the absence of such a provision in the statute, it will be regarded as so far directory only as that, unless the deviation from the legal hours has affected the result, it will be disregarded. (3) If the deviation from the legal hours is great, or even considerable, the presumption will be that it has affected the result, and the burden will be upon him who seeks to uphold the election to show affirmatively that it has not; but, if the deviation from the legal hours is but slight, the presumption will be that it has not affected the result, and the burden will be upon him who attacks the validity of the election to show affirmatively the contrary. (4) If the number of votes illegally cast after the legal hours, and the persons for whom cast, can be shown, they may be rejected from the count." In section 163 it is said: "It appears that a statute requiring that the polls shall be opened at sunrise, and kept open until the setting of the sun, is so far directory that, before an election can be set aside because of deviation from the statute in this respect, it must be shown that legal votes were excluded, or illegal votes received in consequence thereof. Whether the fact of closing the polls before the hour fixed by statute, or keeping them open after such hour, will of itself, vitiate the election, must depend upon the terms of the statute. A slight deviation from the direction of the statute in this respect will not render void the election, un-

less it is fraudulent, and operates to deprive legal voters of their rights, or unless the statute in express terms makes the hour of opening and closing the polls of the essence of the election. The better opinion seems to be, however, that a considerable deviation from the hours fixed by law for keeping open the polls must render the election void."

Applying these rules to the facts of the case, it is clear that the deviation was not such as to render this election void. Plaintiff relies largely upon *Hesper Dist. Tp. v. Burr Oak Independent Dist.*, 34 Iowa, 306. That was an action to enforce the collection of a tax the validity of which depended upon the legality of the organization of the defendant district. An election was ordered to be held January 25, 1867, at 1 o'clock P. M., to determine the question of a separate district organization under a statute requiring the polls to be opened from 9 A. M. to 4 P. M. We said: "The polls should have been opened as provided from 9 o'clock A. M. until 4 P. M. The language of the two sections cannot be misunderstood, and its obvious meaning is in harmony with reason. It cannot be supposed that the legislature would provide for more favorable opportunities for the expression of the will of the people in the ordinary election than at the important one which determined the very existence of the district. The township trustees had no power to order an election to be held at a time not authorized by law, and it was therefore illegal. The action of the electors, deciding upon the organization of the district, being unauthorized and void, must be regarded for naught, and the district itself as having no legal existence." The distinction between that case and this is that that election was ordered for 1 o'clock P. M., while this was ordered for the day and hours provided by law. In that the election was held at 1 o'clock, while in this the polls were open from 9 A. M. until 4 P. M. It does not appear that in that case, as in this, all the electors entitled to do so had voted, or had opportunity to vote. The reasons appearing in this

case for holding the election valid do not appear to have existed in that. Plaintiff cites cases to the effect that failure to comply with the statute, "If the error or irregularity is a matter of substance, will render the election void." Under the facts of this case, the hours of opening and closing the polls are not a matter of substance. If, by reason of the departure as to the hours, any person entitled to vote might have been deprived of the privilege, or if some person not entitled to vote had done so, or if doubt might exist as to the result, then the hours might be a matter of substance, and the statute mandatory, but not so under the facts as they here appear. We conclude that the court erred in holding the election in question invalid.— REVERSED.

DEEMER, J. (dissenting).—Believing that this case is ruled by *Hesper Dist. Tp. v. Burr Oak Independent Dist.*, 34 Iowa, 306, which holds the statute quoted or a like statute mandatory, I respectfully dissent from the conclusion of the majority. I think the judgment should be, on the authority of that case, affirmed.

GRANGER, C. J., not sitting.