TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | No. 22-603 |
| | : | |
| of | : | August 18, 2022 |
| | : | |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| CATHERINE BIDART | : | |
| Deputy Attorney General | : | |

Proposed relators HQH CHINESE AMERICAN EQUALIZATION ASSOCIATION and ARCADIA VOTERS' RIGHTS GROUP (Relators) have applied to this office for leave to sue proposed defendant MICHAEL DANIELSON (Defendant) in quo warranto to remove Defendant from his public office on the Arcadia City Council. Relators assert that the City Council's appointment of Defendant violated Arcadia City Charter provisions governing vacancy appointments.

We conclude that a substantial question of law exists as to whether Defendant's appointment to the Arcadia City Council was lawful. Further, the public interest will be served by allowing the proposed quo warranto action to proceed. Consequently, the application for leave to sue is GRANTED.

**BACKGROUND**

The City of Arcadia is a charter city governed by a five-member city council.[1] In the event of a vacancy, the Charter provides that the City Council by majority vote shall

_____

[1] Arcadia City Charter, art. IV, § 400.

1

22-603

fill the vacancy within thirty days, and if it does not, shall call an election "for the earliest possible date to fill such vacancy."[2]

On November 13, 2021, a vacancy arose when a councilmember passed away. The Council held special meetings in December to consider potential appointees and to consider calling a special election in April 2022. At those meetings, a council majority could not agree on an appointee, nor on a resolution to call an election. On February 7 and March 29, 2022, the Council again considered resolutions on an election, but did not call one. Instead, on March 29, 2022—more than thirty days after the vacancy occurred—the Council appointed Defendant to fill the vacancy.

On May 16, 2022, Relators filed a petition in court seeking mandamus, injunctive, and declaratory relief, seeking to remove Defendant on the ground that his appointment was unlawful, and to invalidate his vote on redistricting maps. On June 10, 2022, we received Relators' application for leave to sue in quo warranto to remove Defendant on the ground that his appointment was unlawful. For the reasons set forth below, we grant Relators' application.

## ANALYSIS

Quo warranto is a civil action used to challenge the lawfulness of a public official holding a given public office.[3] A private party who seeks to pursue such an action must first obtain the consent of the Attorney General.[4] In deciding whether to grant consent, we do not attempt to resolve the merits of the controversy. Instead, we grant leave to sue if we determine that (1) quo warranto is a proper remedy to resolve the issue presented; (2) the application presents a substantial question of law or fact warranting judicial

---

[2] We are informed that voters will consider substantive amendments to this provision in November of this year. But at all times relevant to this application, the Arcadia City Charter has provided that "[a]ny vacancy on the Council shall be filled by a majority vote of the remaining Councilmembers within thirty days after the vacancy occurs," and that "[i]f the Council fails, for any reason, to fill such vacancy within said thirty-day period, it shall forthwith call an election for the earliest possible date to fill such vacancy." (*Id.*, § 403(c).)

[3] See Code Civ. Proc., § 803; *Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225; *People ex rel. Pennington v. City of Richmond* (1956) 141 Cal.App.2d 107, 117.

[4] *International Assn. of Fire Fighters v. City of Oakland* (1985) 174 Cal.App.3d 687, 693-698.

resolution; and (3) granting the application would serve the overall public interest.[5]  Here, these requirements are met.

## 1.  Availability of Quo Warranto

Quo warranto is an available and appropriate remedy here.  It is the proper action to determine whether, as a result of an invalid or improper appointment, a public official unlawfully holds a public office.[6]  Relators' argument, if accepted, would mean that Defendant is unlawfully holding public office on the City Council due to a defective appointment.

## 2.  Substantial Issue Regarding the Lawfulness of the Appointment

The parties dispute whether the City Council's appointment of Defendant was lawful.  Relators contend that his appointment, made more than thirty days after the vacancy arose, was unlawful based on the plain meaning of the Charter's provisions.[7]  The Charter states that "[a]ny vacancy on the Council shall be filled" by majority vote of the Council "within thirty days after the vacancy occurs."[8]  And if the Council does not make an appointment within that time frame "for any reason," the Council "shall forthwith call an election for the earliest possible date."[9]  The California Supreme Court has explained that, while it is not dispositive, "[o]rdinarily, the term 'shall' is interpreted as mandatory and not permissive."[10]

Defendant contends that the thirty-day period is not mandatory, but directory, meaning that the Council retained its appointment authority after the period expired.  For support, he points to a California Supreme Court case pertaining to a board of supervisors' appointment of a cemetery superintendent.[11]  The governing ordinance at issue in that case provided that the board "shall" annually appoint someone in October.[12]  Unlike here, the provision was silent on what would happen if no appointment were made

---

[5] *Rando v. Harris* (2014) 228 Cal.App.4th 868, 879; 96 Ops.Cal.Atty.Gen. 36, 40 (2013).

[6] 105 Ops.Cal.Atty.Gen. 65, 67 (2022); see Code Civ. Proc., § 803; *Nicolopulos v. City of Lawndale*, *supra*, 91 Cal.App.4th at p. 1225; 103 Ops.Cal.Atty.Gen. 33, 35-36 (2020).

[7] See *Citizens Planning Assn. v. City of Santa Barbara* (2011) 191 Cal.App.4th 1541, 1545 (plain-meaning rule used to construe statutes also applies to charters).

[8] Arcadia City Charter, art. IV, § 403(c).

[9] *Ibid*.

[10] *People v. Standish* (2006) 38 Cal.4th 858, 869.

[11] See *People ex rel. Jacobs v. Murray* (1860) 15 Cal. 221, 222.

[12] *Ibid*.

within the given time frame.[13]  The Court found that the board's power to appoint did not expire after October, stating that the general rule is that a given time for a public body to act in exercising a public function is directory, not mandatory.[14]

In a subsequent case, however, the California Supreme Court elaborated on the general rule, explaining that a prescribed time to act may be mandatory, not directory, when time is of the essence.[15]  Here, the Arcadia Charter directs that if the City Council does not make an appointment within thirty days, it "shall forthwith call an election for the earliest possible date."[16]  This language suggests that time *is* of the essence in this circumstance.  And the Charter says nothing about extending the Council's authority to appoint beyond the initial thirty-day period, further supporting the view that the Council had a mandatory obligation to call an election after the passage of thirty days without an appointment.

For these reasons, while we acknowledge Defendant's arguments to the contrary, we find that there is at the very least a substantial issue of law as to whether Defendant's appointment was lawful.

### 3.  Public Interest in Favor of Authorizing Suit

Finally, we believe that the public interest is served by authorizing this quo warranto action.  Generally, the existence of a substantial question of law or fact presents a sufficient "public purpose" to permit an action in quo warranto, absent countervailing circumstances.[17]  Defendant contends that there are numerous countervailing circumstances here but, as discussed below, we are not persuaded.

To begin, Defendant asserts that this application will likely soon become moot because his term expires shortly after the November 8, 2022, general election.[18]  But it is conceivable that a court could resolve the matter before then, especially since there are no disputed facts and Relators have made similar arguments in their related case filed in

---

[13] *Ibid*.

[14] *Id*., at p. 223.

[15] *Tuohy v. Chase* (1866) 30 Cal. 524, 526.

[16] Arcadia City Charter, art. IV, § 403(c).

[17] 105 Ops.Cal.Atty.Gen. 69, 74 (2022); see 86 Ops.Cal.Atty.Gen. 82, 85 (2003).

[18] See Arcadia City Charter, art. IV, § 403(c) ("A person appointed by the Council to fill a vacancy shall hold office until the next general municipal election and until his successor qualifies").

4

May.  In any event, we do not normally reject a quo warranto application based solely on timing considerations.[19]

Next, Defendant contends that his removal would be futile because the Council would likely reappoint him, but the Government Code expressly provides that "no person elected or appointed to the governing body of any city, . . . having an elected governing body, shall be appointed to fill any vacancy on that governing body during the term for which he or she was elected or appointed."[20]

Further, we do not agree that Relators were unreasonably dilatory in bringing this quo warranto application.  Relators acted reasonably timely in filing their application roughly two-and-a-half months after the Council's decision to appoint Defendant.[21]  And if Defendant were ultimately removed as a result of the proposed quo warranto action, the Council could fill the vacancy by appointment and avoid the hardships said to arise from a vacancy.[22]

We are also unmoved by Defendant's suggestions that this application is motivated by an improper purpose or brought by inappropriate relators, some of whom might not reside in Arcadia.  As stated in prior opinions, "[w]e normally do not attempt to assess the motivation of individual relators."[23]  Further, neither the Code of Civil Procedure nor our quo warranto regulations require a relator to be a resident of the particular jurisdiction, and we do not otherwise find reason to question Relators' interest in this action.[24]  Relator Arcadia Voters' Rights Group is indisputably based in Arcadia,

---

[19] 97 Ops.Cal.Atty.Gen. 12, 19 (2014).

[20] See Gov. Code, § 1752, subd. (a); see also 105 Ops.Cal.Atty.Gen., *supra*, at p. 67 (finding a substantial legal issue as to whether the appointment at issue was invalid under this Government Code section).

[21] See *People ex rel. Black v. Bailey* (1916) 30 Cal.App. 581, 587 (rejecting laches argument where relator brought quo warranto within 90 days).

[22] See Arcadia City Charter, art. IV, § 403, subd. (a) (Council vacancy exists "if a Councilmember resigns, is legally removed other than by recall, dies, or forfeits his office"); Gov. Code, § 1770, subd. (j) (vacancy arises upon "[t]he decision of a competent tribunal declaring void his or her election or appointment").

[23] 75 Ops.Cal.Atty.Gen. 112, 116 (1992); see also 95 Ops.Cal.Atty.Gen. 67, 75, fn. 39 (2012).

[24] See Code Civ. Proc., §§ 803-811 (provisions on quo warranto); Cal. Code Regs., tit. 11, §§ 1-11 (regulations on quo warranto).

5

and members of Relator HQH reside in Arcadia even though the organization is registered elsewhere.

Lastly, we reject Defendant's contention that there is minimal public interest in interpreting the charter provision at issue here because that provision is subject to revision and has no application outside the City of Arcadia. First, the susceptibility of a law to change does not diminish the value of ensuring its correct interpretation and application. Second, a city charter provision, by its very nature, applies only within the city. Such a provision cannot evade judicial review simply because it does not apply more widely.

In sum, none of Defendant's arguments persuades us that judicial resolution of this matter would be against the public interest. Instead, as we recently stated in another matter, "the validity of the appointment process employed here is a question of public importance that would benefit from judicial review."[25]

For the above reasons, the application for leave to sue in quo warranto is GRANTED.

---

[25] 105 Ops.Cal.Atty.Gen., *supra*, at p. 68 (granting leave to sue to challenge appointment to Orange County Board of Education on ground that appointment was unlawful).

22-603